JOEL O'MALLEY - SBN 262958
omalley.joel@dorsey.com
SHARI L. J. ABERLE – MN SBN 0306551
aberle.shari@dorsey.com
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Plaintiff AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MOULTRY,<br><br>Defendant. | CASE NO. CASENUMBER '16CV1322 JAH KSC<br><br>PLAINTIFF THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS' COMPLAINT FOR:<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32(1)(A) OF THE LANHAM ACT<br>(2) FEDERAL UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT<br>(3) COMMON LAW TRADEMARK INFRINGEMENT<br>(4) COMMON LAW UNFAIR COMPETITION<br><br>JURY TRIAL DEMANDED |

Plaintiff The American Registry of Radiologic Technologists ("ARRT") brings this action against Defendant Keith Moultry and for its complaint asserts as follows:

## INTRODUCTION

1. This is an action for trademark infringement and unfair competition, as well as for violations of the common law of California arising from Defendant's

wrongful use of the ARRT trademarks to falsely represent an affiliation with ARRT that does not exist. ARRT brings this action to permanently enjoin Defendant's infringement of its trademark, and to recover damages resulting from Defendant's infringement, unfair competition, and deceptive trade practices.

## THE PARTIES

2. ARRT is a Minnesota corporation with its principal place of business at 1255 Northland Drive, St. Paul, Minnesota 55120.

3. Upon information and belief, Defendant Keith Moultry resides in Long Beach, California.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a) and for related claims under applicable state law.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(b), as these claims arise under the laws of the United States and are joined with substantial and related claims under an Act of Congress related to trademarks. This Court has jurisdiction over ARRT's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to ARRT's federal unfair competition claim, over which this Court has original jurisdiction, in that they form part of the same case and controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## BACKGROUND OF ARRT

7. ARRT is a national credentialing organization. ARRT has more than 300,000 registrants who successfully have met its educational, testing, and other requirements and who consequently have been certified and registered by ARRT as radiologic technologists.

8. ARRT was founded in 1922 as the American Registry of X-Ray Technicians and was incorporated in 1936. In 1962, ARRT adopted the name it bears today – The American Registry of Radiologic Technologists.

9. From its inception, ARRT's purpose was, as it is today, to be a national credentialing organization and registry of radiologic technologists.

10. ARRT is the preeminent organization in the nation that certifies and registers radiologic technologists. While ARRT certification and registration is voluntary, ARRT is the largest organization of radiologic technologists in the country and is the only organization in the country that registers individuals qualified in radiography.

11. Among other things, ARRT works to establish educational and professional behavior standards for radiologic technologists across the country. ARRT also develops and administers examinations designed to test applicants' core knowledge in an effort to identify those individuals who are qualified to practice as radiologic technologists.

12. ARRT first used and adopted the ARRT service mark and R.T. certification mark in or around 1962. Since that time, ARRT continuously has used its trademarks in interstate commerce to identify those individuals who have met ARRT's educational, testing, and other requirements, who consequently have been certified and registered by ARRT, and as such are considered by ARRT to be qualified to work as radiologic technologists.

13. Since 1962, ARRT has distinguished its registrants from other radiologic technologists by, among other things:

    (a) providing each registrant with a certificate and credential card stating that the technologist has satisfied ARRT's educational, testing, and other requirements;

    (b) granting these, and only these, individuals the right to state on résumés, job applications, and other documents that they have

     satisfied ARRT's requirements, and that they accordingly are certified and registered with ARRT; and

  (c) maintaining a registry of all duly certified and registered technologists, which is used as a reference for employers and state agencies to confirm whether certain individuals have demonstrated that they meet the core professional standards of a radiologic technologist.

14. Initial certification and registration is the process of recognizing individuals who have satisfied certain standards within a profession. A person is certified and registered by ARRT after meeting educational requirements (such as graduating from an approved educational program or completing clinical experience requirements), complying with ethics standards, and passing an examination. Annual renewal of certification and registration is the procedure required to maintain the ARRT credential. ARRT annually certifies and registers individuals who meet the following criteria: agreeing to comply with the ARRT Rules and Regulations, continuing to comply with the ARRT Standards of Ethics, and meeting Continuing Education ("CE") Requirements.

15. On May 22, 2007, ARRT registered the ARRT service mark with the United States Patent and Trademark Office ("USPTO"). The first use of the ARRT service mark began on July 1, 1962. A true and correct copy of the registration for the ARRT service mark is attached hereto as **Exhibit A** and incorporated herein by reference.

16. On September 2, 2003, ARRT registered the R.T. certification mark with the USPTO, which was appropriately maintained in 2008. The first use of this certification mark occurred on July 1, 1962. A true and correct copy of the registration for the R.T. certification mark along with the notice of acceptance and acknowledgement of the combined declaration filing is attached hereto as **Exhibit B** and incorporated herein by reference.

17. On February 8, 2011, ARRT registered the R.T.(R)(ARRT) certification mark with the USPTO. The first use of this certification mark occurred on June 1, 1967. A true and correct copy of the registration for the R.T.(R)(ARRT) service mark is attached hereto as **Exhibit C** and incorporated herein by reference.

18. The service mark and certification mark described in paragraphs 15 through 17 herein shall be referred to collectively as the "ARRT Marks" or "Marks."

19. The registrations for the ARRT Marks are valid, and the registration for the R.T. and R.T.(R)(ARRT) certification marks are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

20. For more than fifty (50) years, ARRT has invested substantial time, money, and effort in developing the goodwill associated with its Marks. Among other things, ARRT has engaged in extensive advertising in health-related publications and other media. Moreover, ARRT is actively associated with, and known by, educational programs for radiologic technologists and other diagnostic imaging professionals.

21. Through ARRT's efforts, the Marks have come to be recognized by the public and the health care industry as an indication that individuals certified and registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other certification and registration standards.

22. ARRT's registry is relied on and referenced by state agencies, hospitals, and health care employers nationwide to identify those individuals who have satisfied ARRT's rigorous standards and are thus considered by ARRT to be qualified to work as radiologic technologists.

23. Indeed, many health care facilities request or even require that radiologic technologists be certified and registered by ARRT. According to

Medicare and Medicaid reimbursement requirements, hospitals offering radiology services must have at least one ARRT-certified radiologic technologist on duty at all times.

24. The R.T. and R.T.(R)(ARRT) Marks are certification marks within the meaning of 15 U.S.C. § 1127.

## **DEFENDANT'S WRONGFUL CONDCUT**

25. Defendant has never been certified and registered with ARRT.

26. Despite that fact, he has held himself has having obtained ARRT certification and registration in an effort to gain and maintain employment as a radiologic technologist. On or around August 28, 2001, ARRT was contacted by the Radiology department at Shriners Hospital for Children in Los Angeles seeking to verify an ARRT pocket credential card Defendant had provided as part of his employment application. The card was a forgery, and purported to indicate that Defendant was then-registered with ARRT in Radiography through December 2002. The forged credential card included Defendant's name and a Long Beach, CA address, but the identification number on the card belonged to an individual in Boston, MA. A true and correct copy of the facsimile from Shriners Hospital to ARRT enclosing the forged credential card is attached hereto as **Exhibit D**.

27. The same day, ARRT sent a "cease and desist" letter to Defendant, which stated in part as follows:

> The American Registry of Radiologic Technologists has received information that you have presented an invalid document to the Los Angeles Shriners Hospital for Children to indicate that you have been registered as a radiologic technologist with the ARRT when that is not the case, for the apparent purpose of employment and resulting financial gain. The ARRT owns all legal rights to its name and initials ARRT and to their use. We believe it is clear that your misrepresentation of ARR T certification and/or registration under the circumstances (a) is false, deceptive, and misleading and, as such, is specifically prohibited by federal and applicable state laws, (b) unlawfully infringes ARRT's trade name and marks and its copyrights in and to its name and its initials in violation of federal and applicable state laws, (c) is a crime under federal law and, perhaps, under applicable state laws as well, and (d) could, if believed and acted upon by a potential employer, seriously jeopardize the health and

> safety of members of the public to whom, solely because of fraudulent misrepresentation of your qualifications as a radiologic technologist registered by the ARRT, you might be permitted to provide health care services.

Defendant was further advised that the information regarding his misrepresentation of his ARRT status would be brought to the attention of the ARRT Ethics Committee for review, and he was therefore asked to provide an explanation of the situation within thirty (30) days. A true and correct copy of ARRT's cease and desist letter and its certified mail receipt is attached hereto as **Exhibit E**.

28. Defendant never responded and the ARRT Ethics Committee thereafter determined that he was permanently ineligible for certification and registration. A true and correct copy of ARRT's October 24, 2001 correspondence to Defendant advising him of the results of the Ethics Committee's review is attached hereto as **Exhibit F**. Defendant made no further response and his permanent ineligibility for ARRT certification and registration therefore became effective immediately.

29. On information and belief, from 2001 through the present, Defendant has continued to engage in a pattern of fraudulent and illegal conduct, including further misrepresentations of his ARRT status. Defendant has been charged with, and pleaded guilty to, a variety of criminal offenses related to his fraudulent conduct over the intervening years.

30. On information and belief, Defendant is a convicted felon and has served prison time in California for, among other things, Unlawful Use of Identifying Information and False Personation.

31. On information and belief, Defendant is now using multiple alias names as part of his fraud and deceit in an attempt to gain employment as a radiologic technologist providing patient care in the health care field.

32. On or around December 15, 2015, ARRT was contacted by a representative from CSS, Inc., an employer service provider that delivers comprehensive employee screening solutions to companies. CSS wanted to

confirm that the Keith Moultry on the ARRT website was the same person who had submitted an application for employment that was being screened through CSS. According to CSS, Defendant had provided CSS with what he claimed was his ARRT identification number, but did not provide an ARRT credential card.

33. On or around January 13, 2016, ARRT received a telephone call from a Senior Health Physicist with the California Department of Public Health, Enforcement and Compliance (the "Department"). According to the Senior Health Physicist, the Department had received documentation that Keith Moultry may now be using the following alias names: "Keith Miller" or "Keit Miller." A true and correct copy of the documentation ARRT received from the Department is attached hereto as **Exhibit G**.

34. ARRT analyzed the information provided to it by the Department. The social security card and California driver's license, purportedly presented by "Keith D. Miller," had the same social security number and birthdate, respectively as Defendant. "Keith Miller" had also once again forged an ARRT credential card, now bearing the name "Keit D. Miller." The card bore an ARRT identification number that belongs to a person with a different name living in Vancouver, WA.

35. ARRT shared the results of its analysis with the Department on or around February 3, 2016. A true and correct copy of ARRT's analysis provided to the Department is attached hereto as **Exhibit H**.

36. On or around February 22, 2016, ARRT received a call from a representative from a staffing agency, J.H. Smith Consulting. J.H. Smith Consulting had recently hired Defendant and, although ARRT certification was not required for employment, Defendant had nonetheless presented a forged ARRT pocket credential card with his name on it, but with an ARRT identification number belonging to a person with a different name living in Vancouver, WA.

37. On or around February 25, 2016, ARRT sent an offer for settlement to Defendant by certified mail with return receipt requested. The offer was sent to the

address Defendant provided to J.H. Smith Consulting: 123 Casa St. #1, San Luis Obispo, CA. Attached hereto as **Exhibit I** is a true and correct copy of ARRT's correspondence to Defendant enclosing this settlement agreement.

38. On or around March 8, 2016, ARRT's letter was returned to it as the address was evidently no longer good and Defendant failed to provide a forwarding address. Attached hereto as **Exhibit J** is a true and correct copy of the Return Receipt Request indicating the attempted delivery.

39. Defendant has since continued to use alias names and misrepresent an affiliation with ARRT in an effort to obtain employment. On or around March 23, 2016, ARRT was contacted by a representative of Casa Colina Hospital and Centers for Healthcare, who indicated that Defendant had applied for employment with Casa Colina, but now using the name "Kevin Marshall." "Kevin Marshall's" date of birth and social security number (save for one digit) match Defendant's (and "Keith Miller's") date of birth and SSN, and the photograph on the ID appears to match the photograph on the ID for "Keith D. Miller." In his application to Casa Colina Hospital, Defendant presented yet again a forged ARRT credential card and a forged screenshot from ARRT's website that purports to verify his ARRT credentials. Attached hereto as **Exhibit K** is a true and correct copy of the correspondence sent by Casa Colina Hospital enclosing the application materials Defendant submitted to Casa Colina Hospital.

## COUNT I

**Federal Trademark Infringement – Section 32(1)(a) of the Lanham Act**

40. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 39 of this Complaint.

41. As set forth above, Defendant has, without ARRT's consent, used in commerce a reproduction, counterfeit, copy, or colorable imitation of ARRT's Marks in connection with his offer and sale of his services as a radiologic technologist. Defendant's unauthorized use of the ARRT Mark is likely to cause,

and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, and as to the sponsorship, approval, or certification of Defendant's commercial activities by ARRT.

42. Defendant's actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

43. ARRT has been and will continue to be damaged by Defendant's unauthorized use of the ARRT Marks.

44. As a direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and continues to suffer irreparable harm for which ARRT has no adequate remedy at law.

45. Defendant's deliberate and intentional infringement makes this an exceptional case under 15 U.S.C. § 1117(a)(3).

## COUNT II

### Federal Unfair Competition – Section 43(a) of the Lanham Act

46. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 45 of this Complaint.

47. Defendant's actions in using the ARRT Marks constitute a false designation of origin, sponsorship, approval, or certification, and a false description or representation of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendant's wrongful conduct, in connection with the offer and sale of his services as a radiologic technologist, misrepresents the nature, characteristics, and/or qualities of Defendant's commercial activities and the certification status of Defendant. Defendant's infringement has been and continues to be willful and in bad faith because he knows that he was not certified or registered with ARRT at the time and yet he forged an ARRT credential card and used the ARRT Mark and

Name in order to misrepresent that he possessed ARRT certification and registration for employment purposes.

49. ARRT has been and will continue to be harmed by Defendant's wrongful conduct.

50. As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III

### Common Law Trademark Infringement

51. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 50 of this Complaint.

52. Through adoption and continuous use of the ARRT Marks, ARRT has developed and acquired trademark rights at common law in the trademark.

53. Defendant's unauthorized use of the ARRT's common law trademarks is likely to cause confusion or to deceive the public and constitutes trademark infringement under the common law of the State of California and the laws of the United States.

54. ARRT has been and will continue to be harmed by Defendant's wrongful conduct.

55. As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Common Law Unfair Competition

56. ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 55 of this Complaint.

57.     Defendant's wrongful conduct, as set forth herein, constitutes unfair competition and infringement of ARRT's common law right in the ARRT trademarks and constitutes a violation of unfair competition in violation of the common law of California.

58.     Defendant's wrongful conduct, as set forth herein, in connection with his offer and sale of his services as a radiologic technologist certified and registered by ARRT, is likely to cause, and has caused confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, as to the sponsorship or approval of Defendant's commercial activities by ARRT, and as to his qualifications, credentials, and certification status as a radiologic technologist.

59.     Defendant's wrongful conduct, in connection with his offer and sale of his services as a radiologic technologist, was done with the intent to deceive the public as to the nature, characteristics, or qualities of Defendant's commercial activities.

60.     By reason of Defendant's acts alleged herein, ARRT has been and will continue to be harmed by Defendant's wrongful conduct. ARRT has and will suffer damage to its business, reputation, and goodwill by reason of Defendant's acts.

61.     As the direct and proximate result of Defendant's deliberate and intentional infringement and misrepresentation, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, ARRT demands a judgment in its favor and demands the following relief:

1.      An Order prohibiting and permanently enjoining Defendant from using the ARRT Marks or representing in any manner, including but not limited to orally

1 | and in writing, that he is certified and registered by ARRT, or representing that he is affiliated with ARRT in any other manner.

2. A decree ordering an accounting by Defendant to establish all profits he has realized as a result of the wrongful acts set forth in this Complaint.

3. Judgment against Defendant specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125 and the laws of California):

    (a) actual monetary damages sustained by ARRT;

    (b) the profits unlawfully earned by Defendant as a result of his unlawful acts, as set forth herein;

    (c) treble damages;

    (d) costs and prejudgment interest; and

    (e) attorneys' fees.

4. Such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: June 2, 2016                DORSEY & WHITNEY LLP

By:  s/ Joel O'Malley
Joel O'Malley
Attorneys for Plaintiff AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS

OF COUNSEL:

DORSEY & WHITNEY LLP

Shari L. J. Aberle (MN Bar No. 0306551)
  aberle.shari@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

## TABLE OF CONTENTS FOR EXHIBITS

Exhibit A ................................................................................................... Page 15
Exhibit B ................................................................................................... Page 17
Exhibit C ................................................................................................... Page 19
Exhibit D ................................................................................................... Page 21
Exhibit E ................................................................................................... Page 24
Exhibit F ................................................................................................... Page 27
Exhibit G ................................................................................................... Page 29
Exhibit H ................................................................................................... Page 33
Exhibit I ................................................................................................... Page 36
Exhibit J ................................................................................................... Page 44
Exhibit K ................................................................................................... Page 47