# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MOULTRY,<br><br>Defendant. | CASE NO. 3:16-CV-1322-JAH-KSC<br><br>**ORDER OF CIVIL CONTEMPT AGAINST DEFENDANT KEITH MOULTRY** |

On January 9, 2018, this Court granted The American Registry of Radiologic Technologists' ("ARRT" or "Plaintiff") Motion for an Order to Show Cause why Defendant, Keith Moultry ("Defendant") should not be held in contempt of Court for refusing to comply with the Court's August 14, 2017 Order and Entry of Default Judgment [Doc. No. 19]. The Court directed Defendant to respond and show cause on or before January 29, 2018. No response having been filed by Defendant, the Court found the matter suitable for adjudication without a hearing. See CivLR 7.1 (d.1).

After reviewing the record, considering the evidence submitted and arguments presented, the Court finds that Defendant is in civil contempt of the Order and Entry of Default Judgment and imposes compensatory penalties as set forth below.

# BACKGROUND

The American Registry of Radiologic Technologists ("ARRT") has registered various marks with the United States Patent and Trademark Office ("USPTO"). Its marks indicate that individuals certified and registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other certification standards.

Defendant Keith Moultry is not now, nor has he ever been, certified or registered with ARRT. See Doc. No. 1 ¶ 25. Nevertheless, Plaintiff alleges that Defendant represented (and continues to represent) himself as having obtained ARRT certification, and registration to gain and maintain employment as a radiologic technologist. Id. ¶ 26. Plaintiff alleges that Defendant uses forged credential cards, aliases, and screenshots from the ARRT website to mislead potential employers.

On August 14, 2017, this Court granted Plaintiff's motion for entry of default judgement. *See* Doc. No. 19. The Order set forth in pertinent part:

- Plaintiff shall recover from Defendant costs in the amount of $4,500.03 and attorneys' fees in the amount of $20,721.00 pursuant to 15 U.S.C. § 1117(a);

- Defendant is permanently enjoined, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive;

- Defendant is ordered, pursuant to 15 U.S.C. § 1118 to deliver to ARRT all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks;

- Defendant is ordered to file with the Court and serve on ARRT within thirty (30) days after the service on Defendant of this Order, a written report, made under oath, setting forth in detail the manner and form in which Defendant has complied with this Order.

- If at any future time Defendant is found to have violated this Order, he shall be liable for all attorneys' fees reasonably incurred in any action to enforce this Order or otherwise remedy such violation.

1    Plaintiff served Defendant with a copy of the Order on September 21, 2017 by USPO Certified Mail Return Receipt Requested (*See* Pl.'s OSC Motion Ex A pg.5; Doc. No. 23-2). On November 30, 2017, Plaintiff filed an unopposed Motion for Order to Show Cause why Defendant should not be held in contempt of Court.

Plaintiff 's counsel declares that Defendant has not only ignored this Court's order by failing to deliver to ARRT all materials bearing the ARRT® trademark and file a written compliance report, but he also continues to submit forged ARRT registration cards to gain and maintain employment – now, under the alias "Kevin Marshall." Plaintiff was made aware of Defendant's continued use of the forged cards when Parkview Community Hospital ("Parkview"), in Riverside California, contacted ARRT in early September regarding an ongoing investigation. On September 11, 2017 Parkview provided ARRT with a New Hire worksheet and photo employee badge for "Kevin Marshall," matching a photo of Defendant. As part of his application, Defendant submitted a verification printout for Kevin Marshall and a forged ARRT credential card. The information was printed from the ARRT Verify Credentials directory on February 3, 2017. The forged credential card did not contain the real Kevin Marshall's ARRT ID number, but rather an unissued ARRT ID number, and listed a Cosa Mesa address never previously associated with the real Kevin Marshall.

On September 14, 2017, Defendant submitted an employment application including ARRT credentials, a forged ARRT card, and an ARRT Verify Credentials printout dated September 14, 2017 for Kevin Marshall to a staffing agency, T&T Staffing. The forged credential card contained the same unissued ARRT ID number as the one submitted to Parkview, and again included a Costa Mesa address.

## **DISCUSSION**

Federal courts have both inherent and statutory authority to compel compliance with their orders. *International Union, UMWA v. Bagwell* 512 US 821, 831-833(1994); 18 USC §§ 401-402. Contempt may be enforced by either a civil or

criminal contempt proceeding. If the purpose of the relief is to coerce compliance with a court order, or to compensate the petitioner for the refusal, the contempt proceeding is civil in nature. *Id.* at 827-828. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1137–38 (9th Cir.2001) (noting that civil penalties must either be compensatory or designed to coerce compliance).

> To hold a party in contempt, a court must find by clear and convincing evidence that the party violated a specific and definite order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did not comply. See *In re Dyer*, 322 F.3d 1178, 1190–91 (9th Cir.2003) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."). "In civil contempt proceedings [,] the contempt need not be willful." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

*Verizon California Inc. v. OnlineNIC*, Inc., 647 F. Supp. 2d 1110, 1115 (N.D. Cal. 2009).

The Court finds Plaintiff has met its burden of proof, showing by clear and convincing evidence that Defendant violated a definite order of this Court. Specifically, the Court finds Defendant non-compliant with its directives as described on page 2, lines 21-25 of this order and on page 2, lines 11-17 in Doc. No. 19.

This Court's August 14th Order granting Plaintiff's Motion for Entry of Default Judgment provided sufficient notice that Defendant, if found to be in violation, would be "liable for all attorneys' fees reasonably incurred in any action to enforce [the August 14, 2017] Order."

However, the Court finds Plaintiff has not met its burden in showing Defendant violated the injunctive provisions of the Court's order. Plaintiff was informed on September 11, 2017 that Defendant had previously submitted a fraudulent application to Parkview. The evidence indicates a submission date on or around February 3, 2017, when the ARRT Verify Credentials page was printed. Defendant submitted a separate application to T&T Staffing using forged credentials on September 14, 2017. In the first instance, the unlawful conduct alleged by Plaintiff to be violative of the

August 14, 2017 Order likely occurred prior to the order being issued. Nonetheless, in both instances, it is clear the unlawful conduct occurred prior to September 21, 2017 when Defendant was served notice of this Court's order "enjoin[ing] [him]… from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive." The Court will not find Defendant in violation of an order of which he had no notice. It is Defendant's post-order, post-service violations which are subject thereto.

## **CONCLUSION AND ORDER**

The Court finds that Defendant is in violation of this Court's Order and Entry of Default Judgment and has not taken reasonable steps necessary to comply with the Court's specific and definite mandates. Accordingly, **IT IS HEREBY ORDERED**:

1. The American Registry of Radiologic Technologists' Motion for an Order of Civil Contempt against Defendant Keith Moultry is **GRANTED**.
2. The American Registry of Radiologic Technologists may serve the August 14, 2017 Order and Entry of Default Judgment and this Order Granting Civil Contempt on:
    a. The California Department of Public Health, Radiologic Health Branch (RHB), Inspection, Compliance and Enforcement Section; and
    b. All San Bernardino and Los Angeles County hospitals, clinics, medical offices and staffing agencies known to be subject to Defendant, Keith Moultry's, unlawful conduct.
3. Defendant, Keith Moultry shall compensate Plaintiff reasonable attorneys' fees in the amount of $7,487.00 incurred in bringing the Motion for Order to Show Cause.
4. Keith Moultry may purge himself of this contempt order by taking the following

actions within 21 days of receipt of this Order of Civil Contempt:

    a. Contacting Lynnda McGlinn of DORSEY & WHITNEY LLP by email at [mcglinn.lynnda@dorsey.com](mcglinn.lynnda@dorsey.com) or phone at (714) 800-1400, and

    b. Delivering all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks to Plaintiff's attorneys of record, DORSEY & WHITNEY LLP, 600 Anton Blvd. Suite 200, Costa Mesa CA 92626-7655, and

    c. Paying or making agreed upon arrangements to pay attorney's fees and costs imposed in the original order, dated August 14, 2017, pursuant to 15 U.S.C. § 1117(a).

5. Defendant's failure to take reasonable steps to fully comply with this Court's August 14, 2017 Order within 21 days of receipt this Order of Civil Contempt shall subject him to:

    a. Additional sanctions and enforcement by either civil or criminal contempt proceedings; and

    b. Further liability for attorneys' fees reasonably incurred in enforcing the August 14, 2017 Order.

DATED: February 28, 2018

                                                _____
                                                HON. JOHN A. HOUSTON
                                                UNITED STATES DISTRICT JUDGE