UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MOULTRY,<br><br>Defendant. | Case No.:  3:16-CV-1322-JAH-KSC<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 40)**<br><br>**2. SETTING ORDER TO SHOW CAUSE HEARING DATE AND BRIEFING SCHEDULE** |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Order to Show Cause ("OSC").  Pursuant to its Motion, the American Registry of Radiologic Technologists ("ARRT" or "Plaintiff") seeks an Order directing Defendant Keith Moultry ("Moultry" or "Defendant") to appear and show cause why he should not be held in civil and criminal contempt of court for refusing to comply with the Court's August 14, 2017 and March 17, 2021 orders, and for such other relief as this Court deems just and proper.  (Ex. 1; ECF No. 40).[1]

---

[1] Taking into account the Defendant's *pro se* status, the Court attaches as exhibits any prior docket entries referenced herein.

## II.    BACKGROUND

On August 14, 2017, the Court ordered that (1) final judgment is entered in favor of Plaintiff and against Defendant; (2) Plaintiff shall recover certain costs and attorneys' fees; (3) Defendant is permanently enjoined from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark; (4) Defendant will deliver materials in his possession, custody, or control bearing, containing, or using the ARRT® trademark, service marks, or certification marks; (5) Defendant will file a written report made under oath detailing his compliance with the order within thirty days of service of the August 14, 2017 Order; and (6) if Defendant violates the August 14, 2017 Order, Defendant will be liable for all attorneys' fees reasonably incurred in any action to enforce this order or to otherwise remedy such violations.  (Ex. 2; ECF 19 at 2-3).

On March 17, 2021, the Court reaffirmed its August 14, 2017 final judgment in favor of the Plaintiff, and held that the August 14, 2017 Order's six requirements remain in place. (Ex. 3; ECF No. 39 at 2).

## III.    DISCUSSION

Plaintiff seeks an Order directing Defendant to show cause why he should not be held in civil and criminal contempt of Court for refusing to comply with the Court's prior Orders.  "District courts have the power to punish disobedience to court orders by civil contempt . . . and criminal contempt."  *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986) (citations omitted).  Civil contempt "is designed to induce compliance with a court order", while criminal contempt "serves to vindicate the authority of the court[.]"  *Id.* (citing *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.1980)).  Civil contempt is warranted where the opposing party shows "by clear and convincing evidence that the contemnors violated a specific and definite order of the court."  *Knupfer v. Lindblae (In re Dryer)*, 322 F.3d 1178, 1191 (9th Cir. 2003).  Criminal contempt "requires willful disobedience of a clear and definite court order."  *Rose*, 806 F.2d at 933 (citing *Powers*,

629 F.2d at 627).  "The same conduct may result in both civil and criminal contempt charges."  *Id.* (citing *Powers*, 629 F.2d at 627).

Plaintiff alleges that Defendant has failed to comply with *any* of the requirements set forth in the Court's August 14, 2017 and March 17, 2021 Orders.  (Ex. 1; ECF No. 40-1 at 1).  According to Plaintiff, "Defendant has not contacted counsel for ARRT, delivered ARRT trademarked materials, arranged to pay attorneys' fees, or otherwise taken any reasonable steps to comply with the Court's August 14, 2017 and March 17, 2021 Orders." (*Id.* at 2).  Most importantly, ARRT alleges that Defendant "continues to represent to Southern California employers" that "he is an . . . ARRT . . . registered and certified radiologic technologist, which he is not."  (Ex. 1; ECF No. 40-1 at 1).  On September 7, 2021, ARRT was notified by Quality Temp Staffing that Defendant, using the aliases "Keith Miller" and "Kevin Miller", applied for employment and stated that he is "ARRT certified" on his resume.  (*Id.* at 3; Kummer Decl. ¶¶ 7-11).  ARRT has attached a purportedly true and correct copy of the resume submitted by Defendant to Quality Temp Staffing as Exhibit A to the Declaration of Barbara Kummer.

Based upon a review of the motion, record, and proceedings herein, the Court **GRANTS** Plaintiff's Motion for an Order to Show Cause; orders Defendant Keith Moultry to respond to Plaintiff's motion and show cause why he should not be held in civil and criminal contempt of court; and sets a briefing schedule as detailed below.

///
///
///
///
///
///
///
///
///

**IT IS HEREBY ORDERED**:

1. Plaintiff ARRT's Motion for an OSC against Defendant Moultry is **GRANTED**.

2. Plaintiff ARRT shall (1) serve a copy of this Order and exhibits, along with Plaintiff's motion and supporting exhibits, upon Defendant Moultry, and (2) file a certificate of service upon doing so.

3. Defendant Moultry shall file a response and show cause why he should not be held in contempt of court within 15 business days from the date of service.

4. Defendant Moultry shall also file a notice containing his current address and phone number within 7 business days form the date of service.

5. Plaintiff may file a reply, if any, to Defendant's response within 8 business days from the date Defendant Moultry files his response.

6. The Court will set a hearing date upon the filing of Defendant's response. In the event Defendant fails to respond to this Order as required, the Court will issue additional Orders as provided by law and/or sanctions as the Court deems appropriate to address Defendant Moultry's failure to respond.

DATED:      March 17, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

Ex. 1

1  LYNNDA A. MCGLINN - SBN 161756
   mcglinn.lynnda@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone:  (714) 800-1400
4  Facsimile:  (714) 800-1499

5  Attorney for Plaintiff  The American
   Registry of Radiologic Technologists
6

7              UNITED STATES DISTRICT COURT

8             SOUTHERN DISTRICT OF CALIFORNIA

9

10 The American Registry of Radiologic     CASE NO. 3:16-CV-01322-JAH-KSC
   Technologists,
11                                         NOTICE OF MOTION AND MOTION
              Plaintiff,                   FOR ORDER TO SHOW CAUSE
12
   v.
13                                         Complaint filed:       June 2, 2016
                                           Default entered:       Jan. 20, 2017
14 Keith Moultry,                          Default judgment entered:   Aug. 14, 2017
                                           Default judgment reaffirmed: March 17, 2021
              Defendant.
15

16

17        TO THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF

18 RECORD:

19        PLEASE TAKE NOTICE Plaintiff The American Registry of Radiologic

20 Technologists ("ARRT"), by and through its undersigned attorneys, will, and

21 hereby does, move the Court for entry of an Order requiring Defendant Keith

22 Moultry to appear and show cause why he should not be held in contempt of court

23 for refusing to take any steps to comply with the Court's August 14, 2017 and

24 March 17, 2021 orders, and providing such other relief as this Court deems just and

25 proper.

26        This Motion is based on this Notice of Motion and Motion, the

27 contemporaneously filed Memorandum of Point and Authorities, the Declaration of

28
                                    NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE
                                    CASE NO. 3:16-CV-01322-JAH-KSC
                           -1-
   4864-4703-3344\1

1  Barbara Kummer in support of same, and all other pleadings and records on file in

2  this action, and such other argument as the Court may consider at the hearing on

3  this Motion.

4  Dated: October 25, 2021                    DORSEY & WHITNEY LLP

5

6                                             By: /s/ Lynnda A. McGlinn

7                                                 Lynnda A. McGlinn

8                                             *Attorney for Plaintiff The American*
                                              *Registry of Radiologic Technologists*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626-7655. On **October 25, 2021**, I served the documents via **USPS, Certified Mail Return-Receipt Requested** named below on the parties in this action as follows:

DOCUMENT(S) SERVED:     **NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE**

SERVED UPON:            Keith Moultry
                        6840 Millmark Avenue
                        Long Beach, CA  90805

☒   **BY MAIL**: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Minneapolis, California, in a sealed envelope with postage fully prepaid.

☒   **FEDERAL**: I declare under penalty of perjury under the laws of the State of California and the United States that I am employed in this office of a member of the bar of this court, at whose direction this service was made, and that the foregoing is true and correct.

Executed on October 25, 2021, at Costa Mesa, California.

Sandra Dickerson_____          _Sandra Dickerson_____
       (Type or print name)                        (Signature)

1   LYNNDA A. MCGLINN - SBN 161756
    mcglinn.lynnda@dorsey.com
2   DORSEY & WHITNEY LLP
    600 Anton Boulevard, Suite 2000
3   Costa Mesa, CA 92626
    Telephone:  (714) 800-1400
4   Facsimile:   (714) 800-1499

5   Attorney for Plaintiff The American
    Registry of Radiologic Technologists
6

7           UNITED STATES DISTRICT COURT

8           SOUTHERN DISTRICT OF CALIFORNIA

9

10  The American Registry of Radiologic       CASE NO. 3:16-CV-01322-JAH-KSC
    Technologists,
11                                            **MEMORANDUM OF POINTS AND
             Plaintiff,                        AUTHORITIES IN SUPPORT OF
12                                             PLAINTIFF ARRT'S MOTION FOR
    v.                                         ORDER TO SHOW CAUSE
13                                             REGARDING CIVIL AND
    Keith Moultry,                             CRIMINAL CONTEMPT**
14
             Defendant.                        Complaint filed:      June 2, 2016
15                                             Default entered:      Jan. 10, 2017
                                               Default judgment entered:   Aug. 14, 2017
16                                             Default judgment reaffirmed: March 17, 2021

17

18

19          To date, Defendant Keith Moultry has not complied with a single one of this

20  Court's numerous Orders issued against him. Instead, in direct violation of this

21  Court's Orders, Mr. Moultry continues to represent to Southern California

22  employers he is an American Registry of Radiologic Technologists ("ARRT")

23  registered and certified radiologic technologist, which he is not. Therefore,

24  Defendant should be ordered to show cause why he should not be held in both civil

25  and criminal contempt of court.

26

27                           **BACKGROUND**

28          In 2016, ARRT sued Defendant for his unauthorized use of the ARRT®

trademarks. On August 14, 2017, this Court entered default judgment against Defendant. Dkt. No. 19. In its Order, the Court required Defendant to: (1) cease directly or indirectly using, reproducing, copying, or imitating ARRT trademarks; (2) pay ARRT's costs and fees; (3) deliver all materials in his possession using the ARRT certification marks to ARRT; and (4) file a written report detailing how he had complied with the Court's order. *Id.* Defendant took none of these actions.

On February 28, 2018, the Court issued an Order of Civil Contempt, finding Defendant violated the Court's Default Judgment Order. Dkt. No. 28. The Court offered Defendant the ability to purge himself of the Civil Contempt Order by taking steps to comply with the Court's Default Judgment Order. Regrettably, Defendant continued his unauthorized use of the ARRT trademark. Therefore, on August 13, 2018, the Court ordered criminal contempt proceedings be initiated against Defendant.[1] Dkt. No. 33. Most recently, on March 17, 2021, the Court reaffirmed its prior judgment, once again requiring the defendant to: (1) cease directly or indirectly using, reproducing, copying, or imitating ARRT trademarks; (2) pay ARRT's costs and fees; (3) deliver all materials in his possession using the ARRT certification marks to ARRT; and (4) file a written report detailing how he had complied with the Court's Order. Dkt. No. 39.

Defendant has not contacted counsel for ARRT, delivered ARRT trademarked materials, arranged to pay attorneys' fees, or otherwise taken any reasonable steps to comply with the Court's August 14, 2017 and March 17, 2021 Orders.

Instead, Mr. Moultry continues to represent that he is an ARRT registered

---

[1] After almost two years of Mr. Moultry failing to respond to the Court's summons, resulting in multiple issuances of arrest warrants, Mr. Moultry was arrested and appeared before the Court in August of 2020. On September 14, 2020, the Court dismissed the criminal contempt charges against Defendant after the Government moved for dismissal without prejudice. *See generally* Dkt. for *USA v. Moultry*, No. 3:18-cr-032980-JAH.

1  and certified radiologic technologist. On September 7, 2021, an employee of

2  Quality Temp Staffing of Granada Hills, California, notified ARRT that

3  Mr. Moultry, using the aliases "Keith Miller" and "Kevin Miller," attempted to gain

4  employment as a radiologic technologist by stating he was "ARRT certified" on his

5  résumé. Kummer Decl. ¶¶ 7-11. Mr. Moultry's continued practice of using aliases,

6  such as "Kevin Miller," is of particular concern as Mr. Moultry's illegal actions

7  implicate real individuals who are ARRT certified and accredited radiologic

8  technologists. *Id.* ¶ 12. When someone like Mr. Moultry uses the name of a real

9  person with an ARRT credential as part of a forgery, ARRT is often forced to

10  contact the owner of the credential and involve that person in resolving the fraud.

11  *Id.* ¶ 13.

12      Mr. Moultry's behavior also presents a grave danger to the public. *Id.* ¶ 17.

13  Among other things, radiologic technologists operate x-ray and computed

14  tomography (CT) imaging equipment. *Id.* ¶ 16. Mr. Moultry's misrepresentation of

15  his credentials in connection with applying for a radiologic technologist means he is

16  seeking employment that would enable him to operate this sensitive and potentially

17  dangerous equipment under false pretenses. *See id.* ¶ 17.

18      Additional sanctions are necessary to vindicate this Court's authority, ensure

19  Defendant's compliance, and protect public safety.

20  **ARGUMENT**

21      Courts have the "inherent power" to enforce their order through both civil

22  and criminal contempt proceedings. *Inst. of Cetacean Research v. Sea Shepherd*

23  *Cons. Soc'y*, 774 F.3d 935, 944 (9th Cir. 2014); *United States v. Rose*, 806 F.2d

24  931,933 (9th Cir. 1986); see, e.g., 18 U.S.C. § 401(3) ("A court of the United States

25  shall have the power to punish by fine or imprisonment, at its discretion, such

26  contempt of its authority ... [such] as disobedience or resistance to its lawful writ,

27  process, order, rule, decree, or command.") This power "is a necessary and integral

28  part of the independence of the judiciary, and is absolutely essential to the

performance of the duties imposed on [courts] by law. Without it [they] are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Rance Co.*, 221 U.S. 418, 450 (1911).

Civil contempt and criminal contempt serve different purposes, and therefore both may be brought for the same conduct. *See United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980) ("Actions and proceedings need not be wholly civil or wholly criminal and the choice of one label does not prevent application of both forms of contempt punishment.") Criminal contempt sanctions are appropriate when "the purpose of the court's order is to punish past defiance and to vindicate the court's judicial authority," while civil contempt is appropriate when the court seeks "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

A court will hold a defendant in civil contempt if the opposing party shows "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Knupfer v. Lindblade (In re Dryer)*, 322 F.3d 1178, 1191 (9th Cir. 2003). The defendant's intent to violate is irrelevant; the court need only find that the defendant failed to take "all reasonable steps within the party's power to comply." *Inst. of Cetacean Research*, 774 F.3d at 945. Criminal contempt is established under 18 U.S.C. § 401(3) when a court finds beyond a reasonable doubt that (1) the court entered a lawful order of reasonable specificity; (2) the defendant violated the order; and (3) the violation was willful. *United States v. Turner*, 812 F.2d 1552, 1463 (11th Cir. 1987). "Willfulness in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of the order." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983). Criminal sanctions are particularly appropriate where a defendant has a sustained practice of disobeying a court order. *Rose*, 39 F.3d at 1410 (allowing pursuit of criminal sanctions to punish "longstanding willful

1  disobedience" of a court order).

2      To date, Defendant has not paid ARRT its costs and fees in bringing this

3  trademark action against him. Declaration of Barbara Kummer ("Kummer Decl.") ¶

4  5. Defendant has failed to turn over any and all forged materials containing

5  ARRT's marks that may be in his possession, custody, or control. *Id.* ¶ 6.

6  Defendant has not filed with this Court a sworn report setting forth how he

7  complied with the August 2017 or the March 2021 Orders. *See generally* Dkt. On

8  the contrary, Mr. Moultry continues to represent to potential employers that he is an

9  ARRT certified and registered technologist through the use of multiple aliases, as

10  described above. Kummer Decl. ¶¶ 7-11.

11      Mr. Moultry needs to be held accountable, not only to ensure Defendant's

12  compliance with this Court's Orders, but to ensure the California healthcare system

13  and its patients do not suffer the consequences of his continued illegal conduct. The

14  American public relies on ARRT to ensure that the health care professionals

15  performing radiologic procedures are qualified and knowledgeable. *Id.* ¶ 16.

16  ARRT's registry is relied on and referenced by state agencies, hospitals, and health

17  care employers nationwide to identify those individuals who have satisfied ARRT's

18  rigorous standards and are thus considered by ARRT to be qualified to work as

19  radiologic technologists. *Id.* ¶ 15. Those credentialed by ARRT operate highly

20  technical and potentially dangerous equipment, some of which use radiation. *Id.*

21  ¶ 14. Improper use of this equipment could cause serious and permanent injury,

22  including increased risk of cancer or burns and, sometimes, death. *Id.* ¶ 16.

23  Procedures performed incorrectly could lead to missed or incorrect patient

24  diagnoses, delaying or preventing proper care. *Id.* If procedures need to be

25  performed again, this increases the cost to patients and the medical system as a

26  whole. *Id.* Without accountability, Mr. Moultry poses a serious risk to the health

27  and wellbeing of the people of California.

28      Accordingly, this Court should order Defendant to show cause why he should

1  not be held in civil contempt. And because Defendant continues to flagrantly

2  violate this Court's orders, the Court should order Defendant to show cause why he

3  should not be held in criminal contempt of court and request the criminal contempt

4  be prosecuted by an attorney for the U.S. Government pursuant to Fed. R. Crim. P.

5  42(a)(2). The Court is entitled to and should use all available remedies to ensure

6  that Mr. Moultry no longer willfully ignores its mandates and authority.

7  **CONCLUSION**

8  ARRT respectfully requests that this Court enter an order requiring

9  Defendant Keith Moultry to appear and show cause why he should not be held in

10  civil and criminal contempt of court for refusing to comply with this Court's orders,

11  and provide such other relief as this Court deems just and proper.

12

13

Dated:  October 25, 2021            DORSEY & WHITNEY LLP

14

15

16            By: /s/ Lynnda A. McGlinn
              Lynnda A. McGlinn
17            Attorneys for Plaintiff The American
              Registry of Radiologic Technologists

18

19

20

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3    I am employed in the City of Costa Mesa, County of Orange, State of California.  I
     am over the age of eighteen years and not a party to the within action. My business
4    address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626-7655.
     On **October 25, 2021**, I served the documents via **USPS, Certified Mail Return-**
5    **Receipt Requested** named below on the parties in this action as follows:

6    DOCUMENT(S) SERVED:      **MEMORANDUM OF POINTS AND**
                              **AUTHORITIES IN SUPPORT OF PLAINTIFF**
7                             **ARRT'S MOTION FOR ORDER TO SHOW**
8                             **CAUSE**

9
     SERVED UPON:             Keith Moultry
10                            6840 Millmark Avenue
11                            Long Beach, CA  90805

12

13   ☒    **BY MAIL**:  By placing a true copy thereof enclosed in a sealed envelope(s)
          addressed as above, and placing each for collection and mailing on that date
14        following ordinary business practices.  I am "readily familiar" with this
          business' practice for collecting and processing correspondence for mailing.
15        On the same day that correspondence is placed for collection and mailing, it
          is deposited in the ordinary course of business with the U.S. Postal Service in
16        Minneapolis, California, in a sealed envelope with postage fully prepaid.

17   ☒    **FEDERAL**:  I declare under penalty of perjury under the laws of the State of
          California and the United States that I am employed in this office of a
18        member of the bar of this court, at whose direction this service was made,
          and that the foregoing is true and correct.

19        Executed on October 25, 2021, at Costa Mesa, California.

20   Sandra Dickerson _____        _Sandra Dickerson_
21         (Type or print name)                    (Signature)

22

23

24

25

26

27

28

1  LYNNDA A. MCGLINN - SBN 161756
   mcglinn.lynnda@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone:  (714) 800-1400
4  Facsimile:  (714) 800-1499

5  Attorney for Plaintiff The American
   Registry of Radiologic Technologists
6

7              UNITED STATES DISTRICT COURT

8            SOUTHERN DISTRICT OF CALIFORNIA

9

10  The American Registry of Radiologic        CASE NO. 3:16-CV-01322-JAH-KSC
    Technologists,
11                                             DECLARATION OF BARBARA
              Plaintiff,                       KUMMER IN SUPPORT OF ARRT'S
12                                             MEMORANDUM IN SUPPORT OF
    v.                                         PLAINITFF ARRT'S MOTION FOR
13                                             ORDER TO SHOW CAUSE
    Keith Moultry,                             REGARDING CIVIL AND CRIMINAL
14                                             CONTEMPT
              Defendant.
15                                             Complaint filed:  June 2, 2016
                                               Default entered:  Jan. 10, 2017
16                                             Default judgment entered:   Aug.14,
                                               2017
17                                             Default judgment reaffirmed: March 17, 2021

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BARBARA KUMMER, B.S., R.T. (R)(ARRT)

I, Barbara Kummer, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1.      My name is Barbara Kummer, and I submit this Declaration in support of Plaintiff The American Registry of Radiologic Technologists' ("ARRT") Memorandum in Support of Motion For Order To Show Cause Regarding Civil and Criminal Contempt against Defendant Keith Moultry.  I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2.      I am the Supervisor of Ethics Requirements at ARRT, which is a position I have held since December 1, 2003. In this role, I am responsible for the procedural integrity of the Ethics Requirements Department. I manage staff and supervise operational aspects related to the enforcement of ARRT's Standards of Ethics.

3.      Prior to making this declaration, I investigated and reviewed the ARRT records for Defendant and all filings made with this Court in the matter. I have personal knowledge of the facts stated in the Complaint, in the briefing for the Entry of Default Judgment, and in this Court's Orders and Judgment of August 14 2017, and March 17, 2021 ("Orders").

4.      On August 14, 2017, and again on March 17, 2021, this Court ordered Defendant to (1) pay ARRT $4,500.03 in costs; (2) pay ARRT $20,721.00 in attorneys' fees; (3) deliver to ARRT all materials bearing or using the ARRT marks; and (4) file with the Court a written report demonstrating how he complied with the order.

5.      Defendant has not paid ARRT its costs and fees in bringing this trademark action against him.

6.      Defendant has failed to turn over any forged materials utilizing ARRT's marks that may be in his possession, custody, or control, and has not informed ARRT of any intention to do so.

7.     ARRT recently learned that Moultry continues to represent to potential employers that he is an ARRT-certified and registered technologist when he is not and has never been.

8.     On September 7, 2021, Quality Temp Staffing contacted ARRT to report that Mr. Moultry, under the aliases of "Kevin Miller" and "Keith Miller" had applied for a radiological technologist position representing that he was ARRT registered and certified.

9.     Moultry, under the alias "Keith Miller" provided Quality Temp Staffing with a resume stating that he was ARRT certified. Attached hereto as **Exhibit A** is a true and correct copy of the resume Mr. Moultry presented to Quality Temp Staffing, which Quality Temp Staffing provided to ARRT, which denotes his purported ARRT certification.

10.     ARRT has learned from Quality Temp Staffing, that in  a series of phone calls, Mr. Moultry notified Quality Temp Staffing that his name was "Kevin Miller," rather than "Keith Miller," and provided the agency with the California Department of Public Health's Radiologic Health Branch license number for an individual named "Kevin Daniel Miller," an ARRT certified radiological technologist in California.

11.     During these phone calls, Quality Temp Staffing noticed that the name on the caller identification was "Keith Moultry," rather than "Keith Miller" or "Kevin Miller." Acting on this information, the agency searched Mr. Moultry's name in ARRT's online directory. The directory included information denoting Mr. Moultry's continued misrepresentation and directed the agency to notify ARRT had Mr. Moultry indicated he was an ARRT certified and registered technologist. Quality Temp Staffing therefore immediately contacted ARRT's Ethics Requirements Department regarding Mr. Moultry's misrepresentations.

12.     Mr. Moultry's continued practice of using aliases is of particular concern as Mr. Moultry's illegal actions implicate real individuals who are ARRT

1   certified and accredited radiologic technologists.

2      13.   When someone like Mr. Moultry uses the name of a real person with

3   an ARRT credential as part of a forgery, ARRT is often forced to contact the owner

4   of the credential and involve that person in resolving the fraud.

5      14.   ARRT is a non-profit national credentialing organization. Its mission

6   is to promote and establish the highest standards of patient care in the fields of

7   medical imaging, interventional procedures, and radiation therapy. ARRT has over

8   335,000 registrants who have met its education, testing, and other requirements and

9   who consequently have been certified and registered by ARRT in 13 different

10  medical imaging specialties. These registered technologists conduct diagnostic

11  exams, such as mammograms, bone density measurements, x-rays, and sonograms

12  and provide treatment to patients such as administering radiation. The procedures

13  are central to the diagnosis and/or treatment of nearly all serious injuries and

14  illnesses.

15     15.   ARRTs registry is relied on and referenced by state agencies,

16  hospitals, and health care employers nationwide to identify those individuals who

17  have satisfied ARRT's rigorous standards and are thus considered by ARRT to be

18  qualified to work as registered technologists.

19     16.   The American public likewise relies on ARRT's registered

20  technologists to provide high quality and safe medical services. Those credentialed

21  by ARRT operate highly technical and potentially dangerous equipment, some of

22  which uses radiation, such as x-ray and computed tomography (CT) imaging

23  equipment. Improper use of this equipment could cause serious and permanent

24  injury, including increased risk of cancer or burns and, in some cases, death.

25  Procedures performed incorrectly could lead to missed or incorrect patient

26  diagnoses, delaying or preventing proper care. If procedures need to be performed

27  again, this increases the cost to patients and the medical system as a whole.

28  ARRT's website is its primary source for the public to confirm an individual's

DECLARATION OF BARBARA KUMMER
CASE NO. 3:16-CV-01322-JAH-KSC

-4-

1 certification and registration.

2    17.    Mr. Moultry's continued actions present a grave danger to the public.
3 Mr. Moultry's misrepresentation of his credentials in connection with applying for
4 a radiologic technologist means he is seeking employment that would enable him to
5 operate this sensitive and potentially dangerous equipment under false pretenses.

6

7    I declare under penalty of perjury under the laws of the United States that the
8 foregoing is true and correct. Executed this 25th day of October, 2021, in St. Paul,
9 Minnesota.

10

11

12

13                                              BARBARA KUMMER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

| | |
|---|---|
| **From:** | Money Power Respect |
| **To:** | Carolyn Gonzalez |
| **Subject:** | Re: Quality Temp Staffing - Xray Tech Position Resume Request |
| **Date:** | Friday, September 3, 2021 5:32:10 PM |
| **Attachments:** | KEITH-MILLER (1).pdf |

On Fri, Sep 3, 2021, 3:31 PM Money Power Respect <keithmillertime20@gmail.com> wrote:

On Fri, Sep 3, 2021, 3:06 PM Carolyn Gonzalez <carolyn@qualitytempstaffing.com> wrote:

Hi Keith,

Thank you so much for taking the time to take my call it was a pleasure speaking to you. If you can kindly forward me your most current resume for review. Thank you.

Best Regards,

*Carolyn Gonzalez*

Administrative Assistant / Recruiter



 

17737 Chatsworth St. Suite #200 Granada Hills, CA 91344

☎ 818-831-1130 Ext. 2226 | 🖨 Fax: 818-831-1126

Personal Email: carolyn@qualitytempstaffing.com

Resume Email: jobs@qualitytempstaffing.com

Website: www.qualitytempstaffing.com

Confidentiality Notice: This e-mail information and the information contained in the attachments may be privileged and strictly confidential under state law, including Evidence Code Section 1157 relating to medical professional peer review documents and Government Code Section 6254[c] relating to personnel. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail at carolyn@qualitytempstaffing.com and destroy all copies of the original message.

# KEITH MILLER

**Radiology Technologist**

Long Beach, CA 90805

keithmoultry@gmail.com

(562) 844-2501

Seeking position that will allow me to use my skills as a radiology technologist.

## Work Experience

### Radiologic Technologist

Guardian Spine **-** Los Angeles, CA

February 2019 to September 2021

All digital,diagnostic,fluoroscopy procedures,ortho,peds,and surgery.

### Radiologic Technologist

Western Medical Center **-** Santa Ana, CA

June 2015 to February 2019

All digital,diagnostic,fluoroscopy procedures,ortho,peds,and surgery.

### Radiologic Technologist

Community Hospital Long Beach **-** Long Beach, CA

June 2012 to June 2015

All digital,diagnostic,fluoroscopy procedures,ortho,peds,and surgery.

## Education

### AA dregree radiology in Radiology

Long Beach City College **-** Long Beach, CA

January 2008 to June 2012

## Skills

• Medical imaging

## Certifications and Licenses

### ARRT Certification

### BLS Certification

### CPR Certification

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626-7655. On **October 25, 2021**, I served the documents via **USPS, Certified Mail Return-Receipt Requested** named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **DECLARATION OF BARBARA KUMMER IN SUPPORT OF ARRT'S MOTION FOR ORDER TO SHOW CAUSE**

SERVED UPON:           Keith Moultry
                       6840 Millmark Avenue
                       Long Beach, CA 90805

☒    **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Minneapolis, California, in a sealed envelope with postage fully prepaid.

☒    **FEDERAL:** I declare under penalty of perjury under the laws of the State of California and the United States that I am employed in this office of a member of the bar of this court, at whose direction this service was made, and that the foregoing is true and correct.

Executed on October 25, 2021, at Costa Mesa, California.

Sandra Dickerson _____          _____
        (Type or print name)                          (Signature)

Ex. 2

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

THE AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

12

Plaintiff,

13

v.

14

KEITH MOULTRY

15

Defendant.

16

Case No.:  16cv1322-JAH (KSC)

**ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
ENTRY OF DEFAULT JUDGMENT
[DOC. NO. 7]**

17

        This mater comes before the Court on Plaintiff American Registry of Radiologic

18

Technologists' ("Plaintiff" or "ARRT") unopposed motion for entry of default judgment

19

against Defendant Keith Moultry. *See* Doc. No. 7. After careful consideration of the entire

20

record, including Plaintiff's motion, declarations in support, and supplemental briefing, the

21

Court finds that Plaintiff's trademark dilution claims weigh in favor of entering default

22

judgement.[1] Accordingly, it is **HEREBY ORDERED** that (1) Plaintiff's request for

23
24
25
26
27
28

_____

        [1] The Court finds persuasive the Second Circuit decision in *ISC, Inc. v. Security
University, LLC*, 823 F.3d 153, 163 (2nd Cir. 2016) (holding, *inter alia*, that "[t]wo of the
most well-established examples of infringement of a certification mark are: the use of the
mark in a resume of a professional who is in fact not certified by the organization that is
the owner of the mark[.]" (internal quotations omitted)).

1

judicial notice is **GRANTED**;[2] and (2) Plaintiff's motion for default judgment against Keith Moultry is **GRANTED**.

Accordingly, it s **HEREBY ORDERED AND ADJUDGED** that:

1. Final judgment is entered in favor of Plaintiff and against Defendant;

2. Plaintiff shall recover from Defendant costs in the amount of $4,500.03 and attorneys' fees in the amount of $20,721.00 pursuant to 15 U.S.C. § 1117(a);

3. Defendant is permanently enjoined, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive;

4. Defendant is ordered, pursuant to 15 U.S.C. § 1118 to deliver to ARRT all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks;

5. Defendant is ordered to file with the Court and serve on ARRT within thirty (30) days after the service on Defendant of this Order, a written report, made under oath, setting forth in detail the manner and form in which Defendant has complied with this Order;

---

[2] Plaintiff asks the Court to take judicial notice of two exhibits filed in support of its supplemental briefing. *See* Doc. No. 17. Exhibit A is a copy of the opinion issued in *The American Registry of Radiologic Technologists v. Sisk*, Case No. 2:14-6403 (WJM) (D.N.J., filed March 3, 2015), and Exhibit B is a copy of this Court's January, 2013 Order granting ARRT's motion for default judgment in *The American Registry of Radiologic Technologists v. McAdams*, 12-CV-01761-JAH (WMC). *Id*. Because Exhibits A-B are publicly recorded and accessible whose accuracy cannot be reasonably questioned, this Court deems it appropriate to take judicial notice of Exhibits A and B. *See* Fed. R. Evid. 201(b); *Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal., 2006).

6.      If at any future time Defendant is found to have violated this Order, he shall be liable for all attorneys' fees reasonably incurred in any action to enforce this Order or otherwise remedy such violation.

**IT IS SO ORDERED**.

DATED:  August 14, 2017

_____
JOHN A. HOUSTON
United States District Judge

16cv1322-JAH (KSC)

Ex. 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

                                        Plaintiff,

v.

KEITH MOULTRY,

                                        Defendant.

Case No.: 16cv1322-JAH-KSC

**ORDER REAFFIRMING DEFAULT JUDGMENT**

On January 27, 2017, Plaintiff, The American Registry of Radiologic Technologists ("ARRT") filed a motion requesting the Court enter a Default Judgment against Defendant Keith Moultry ("Defendant") after Defendant failed to appear, answer, or otherwise respond to Plaintiff's complaint. *See* Doc. No. 7. Defendant failed to respond to Plaintiff's motion for a Default Judgment and thereafter failed to respond to Plaintiff's subsequent motions to hold Defendant in Contempt of Court for failing to appear or respond to Plaintiff's filings. This Court entered a Default Judgment against Defendant on August 14, 2017. *See* Doc. No. 20.

On September 14, 2020, the Defendant appeared telephonically for a status conference, wherein he claimed he never received any of the Plaintiff's filings dating back to the initial Motion for Default Judgment. At the Court's direction, Plaintiff served the Defendant copies of the initial Complaint, Motion for Default Judgment, and the Order Granting Default Judgment, and other key filings on September 22, 2020. *See* Doc. No. 37.

On October 13, 2020 this Court gave Defendant until November 25, 2020 to (1) respond to Plaintiff's Motion for Default Judgment, or (2) file a motion to set aside the

default judgment. *See* Doc. No. 38. No response having been filed by Defendant, **IT IS HEREBY ORDERED** that the prior final judgment is reaffirmed in favor of Plaintiff and against Defendant.

Accordingly, the requirements of that Judgment remain in place. For convenience, they are restated as follows:

1.  Final judgment is entered in favor of Plaintiff and against Defendant;

2.  Plaintiff shall recover from Defendant costs in the amount of $4,500.03 and attorneys' fees in the amount of $20,721.00 pursuant to 15 U.S.C. § 1117(a);

3.  Defendant is permanently enjoined, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive;

4.  Defendant is ordered, pursuant to 15 U.S.C. § 1118 to deliver to ARRT all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks;

5.  Defendant is ordered to file with the Court and serve on ARRT within thirty (30) days after the service on Defendant of this Order, a written report, made under oath, setting forth in detail the manner and form in which Defendant has complied with this Order;

6.  If at any future time Defendant is found to have violated this Order, he shall be liable for all attorneys' fees reasonably incurred in any action to enforce this Order or otherwise remedy such violation.

**IT IS SO ORDERED.**

DATED: March 17, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

2

16cv1322-JAH-KSC