UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS,<br><br>                             Plaintiff,<br>v.<br><br>KEITH MOULTRY,<br><br>                            Defendant. | Case No.: 3:16-cv-01322-JAH-KSC<br><br>**ORDER OF CIVIL CONTEMPT AGAINST DEFENDANT KEITH MOULTRY** |

      On March 17, 2022, this Court granted Plaintiff American Registry of Radiologic Technologists Motion for an Order to Show Cause why Defendant Keith Moultry ("Defendant") should not be held in criminal and civil contempt of Court for violating the Court's August 14, 2017, [ECF No. 19], and March 17, 2021, [ECF No. 39], orders. (ECF No. 41).

      After reviewing the record and the evidence submitted, the Court finds Defendant in civil contempt of the conditions set forth in the Entry of Default Judgment and the Order Affirming Default Judgment, [ECF Nos. 19, 39], and imposes compensatory penalties as set forth below.

///

///

///

# BACKGROUND

The American Registry of Radiologic Technologists ("Plaintiff" or "ARRT") is a national credentialing organization that has registered various marks with the United States Patent and Trademark Office ("USPTO"). ("Compl.", ECF No. 1 at ¶¶ 7, 15). Its marks indicate that individuals certified and registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other certification standards. (*Id.* at ¶¶ 11-15). Plaintiff alleges that Defendant uses aliases and forged credential cards from ARRT's website to mislead potential employers. (*Id.* at ¶¶ 31, 34, 39). Defendant failed to make an appearance in the matter. On August 14, 2017, the Court entered default judgment, and set forth in pertinent part:

- Plaintiff shall recover from Defendant costs in the amount of $4,500.03 and attorneys' fees in the amount of $20,721.00 pursuant to 15 U.S.C. § 1117(a);

- Defendant is permanently enjoined, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive;

- Defendant is ordered, pursuant to 15 U.S.C. § 1118 to deliver to ARRT all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks;

- Defendant is ordered to file with the Court and serve on ARRT within thirty (30) days after the service on Defendant of this Order, a written report, made under oath, setting forth in detail the manner and form in which Defendant has complied with this Order.

- If at any future time Defendant is found to have violated this Order, he shall be liable for all attorneys' fees reasonably incurred in any action to enforce this Order or otherwise remedy such violation.

("Ord. Granting Entry of Default Judgment", ECF No. 19 at 2-3). The Court entered an Order Reaffirming Default Judgment on March 17, 2021, repeating the terms set forth in

the Order Granting Default Judgment.  ("Ord. Reaffirming Default Judgment", ECF No. 39).

Plaintiff now brings the instant Motion for an Order to Show Cause alleging that Defendant continues to flout the Court's orders by continuing his violative conduct.[1] Specifically, Defendant has "not contacted counsel for ARRT, delivered ARRT trademarked materials, arranged to pay attorneys' fees, or otherwise taken any reasonable steps to comply" with the Court's prior orders.  ("Memo. of P.'s & A.'s", ECF No. 40-1 at 2).  Importantly, Defendant has sought employment through a temporary staffing agency, Quality Temp Staffing ("Quality"), using the aliases Keith Miller or Kevin Miller, and represented himself as being ARRT certified on his resume.  (*Id.*; Kummer Decl. ¶¶ 8-9; Ex. A, ECF No. 40-2).  Defendant provided the staffing agency with the California Department of Public Health's Radiologic Health Branch license number for an individual named "Kevin Daniel Miller."  (Kummer Decl. ¶ 10).  Plaintiff asserts that Moultry's practice of using aliases is problematic, particularly when the name and license of a real ARRT certified individual is being used to perpetuate Defendant's fraud.  (*Id.* at ¶¶ 12-13).

The Court granted Plaintiff's Motion for an Order to Show Cause, and Defendant was directed to respond and show cause "why he should not be held in contempt of court within 15 business days from the date of service."  ("Ord. Granting Plaintiff's Mtn. for Ord. to Show Cause", ECF No. 41 at 4).  Plaintiff was ordered to serve upon Defendant the Order Granting the Motion for an Order to Show Cause and the attached supporting exhibits, which included Plaintiff's Motion for an Order to Show Cause, [ECF No. 40], the

---

[1]      Defendant was previously found in civil contempt of court for falsely representing himself as having obtained ARRT certification to gain employment as a radiologic technologist. (*See* ECF Nos. 28, 33).  For a violation of the civil contempt, Defendant was ordered, *inter alia*, to compensate Plaintiff's reasonable attorneys' fees in the amount of $7,487.00.  (ECF No. 28 at 5).  Defendant was afforded an opportunity to purge himself of the contempt order by taking necessary action, which he failed to do.  (*Id.*)  The Court also initiated criminal contempt proceedings against Defendant in *United States v. Moultry*, 3:18-cr-03298-JAH, which was later dismissed without prejudice.  (ECF No. 33).

Order Granting Plaintiff's Unopposed Motion for Entry of Default, [ECF No. 17], and the Order Reaffirming Default Judgment, [ECF No. 39]. Plaintiff filed a certificate of service showing Defendant was personally served the aforementioned documents on July 19, 2022. (ECF No. 43). Defendant failed to respond to the Court's Order to Show Cause or otherwise comply with its orders. (*See* ECF Nos. 19, 39, 40).

## **DISCUSSION**

Federal courts have both inherent and statutory authority to compel compliance with their orders. 18 U.S.C. §§ 401-402; *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831-833 (1994). Contempt may be enforced by either a civil or criminal contempt proceeding. If the purpose of the relief is to coerce compliance with a court order, or to compensate the petitioner for the refusal, the contempt proceeding is civil in nature. *Id.* at 827-828; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137–38 (9th Cir. 2001) (noting that civil penalties must either be compensatory or designed to coerce compliance). In civil contempt proceedings, the court must find that the moving party has shown by clear and convincing evidence that the violating party defied a specific and definite order of the court. *In re Dyer*, 322 F.3d 1178, 1190–91 (9th Cir. 2003) (citing *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002)). Furthermore, willfulness is not required in order to hold a party in contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). When considering a coercive fine to make a defendant comply with a court order, the court should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (internal quotations omitted).

The Court finds Plaintiff has shown by clear and convincing evidence that Defendant violated a definite and specific order of this Court. Specifically, the Court finds Defendant non-compliant with its directives as initially set forth in the Court's Order Granting Entry of Default Judgment. *See supra* at 2:11-26. Defendant has failed to "deliver to ARRT all materials in his possession, custody, or control bearing, containing or using the ARRT®

trademark, service marks, or certification marks[.]" (*Id.*) This Court clearly warned Defendant that a violation of the Court's orders may result in him being "liable for all attorneys' fees reasonably incurred in any action to enforce [the August 14, 2017] Order." (*Id.* at 3). As Defendant was served with the Order Granting Plaintiff's Motion for Order to Show Cause on July 19, 2022, the Court finds Defendant had adequate notice supporting a finding of civil contempt.[2]

Furthermore, Defendant is in violation of the Court's directive enjoining him "from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademark, which is likely to cause confusion, mistake or to deceive[.]" (Ord. Granting Entry of Default Judgment at 2). Defendant's continued and repeated representation on his resume that he is ARRT certified and credentialed to gain and maintain employment is a far-reaching misrepresentation—he defrauds the named license holder and compromises his reputation, undermines the reputation and credibility of ARRT, and most importantly, he causes harm to patients and those seeking radiologic services. The Court recognizes that standing alone, this single incident may not rise to "clear and convincing" evidence that Defendant violated the injunctive provision of the Court's order; however, the instant facts evince a pattern of behavior of Defendant misrepresenting ARRT certification in order to gain and secure employment. As Defendant continues to violate ARRT's marks, he causes significant potential liability to Plaintiff and its end-user customer while exposing patients to significant health and safety risks.

///

---

[2]  Separately, on September 22, 2020, Defendant was served with pertinent documents, including the original complaint, (ECF No. 1), and the Order Granting Plaintiff's Unopposed Motion for Entry of Default, (ECF No. 17). (ECF No. 37). The Court confirmed service was perfected. (*See* "Minute Entry, Oct. 13, 2020", ECF No. 38).

The Court acknowledges Defendant's history of noncompliance with the Court's injunctive directives and the contempt sanctions.  Nonetheless, the Court finds that the magnitude of the harm is so great, such that a sanction is warranted under the instant facts.

## CONCLUSION AND ORDER

The Court finds Defendant in violation of this Court's Order and Entry of Default Judgment, and further finds that Defendant has not taken reasonable steps necessary to comply with the Court's specific and definite mandates.  Accordingly, IT IS HEREBY ORDERED:

1. The American Registry of Radiologic Technologists' Motion for an Order of Civil Contempt against Defendant Keith Moultry is **GRANTED**.

2. Defendant Keith Moultry shall compensate Plaintiff reasonable attorneys' fees in the amount of $9,937.50 incurred in bringing the Motion for Order to Show Cause. (*See* "Supp. Memo. in Support of Plaintiff ARRT's Mot. for Ord. to Show Cause", ECF No. 46).

3. Keith Moultry may purge himself of this contempt Order by taking the following actions within twenty-one (21) days of receipt of this Order:

   a. Contacting Lynnda McGlinn of DORSEY & WHITNEY LLP by email at mcglinn.lynnda@dorsey.com or phone at (714) 800-1400, and

   b. Delivering all materials in his possession, custody, or control bearing, containing or using the ARRT® trademark, service marks, or certification marks to Plaintiff's attorneys of record, DORSEY & WHITNEY LLP, 600 Anton Blvd. Suite 200, Costa Mesa CA 92626-7655, and

   c. Paying or making agreed upon arrangements to pay attorney's fees and costs imposed in the original Order, dated August 14, 2017, pursuant to 15 U.S.C. § 1117(a).

4. Defendant's failure to take reasonable steps to fully comply with this Court's August 14, 2017, Order within twenty-one (21) days of receipt this Order of Civil Contempt shall subject him to:

      a. Additional sanctions and enforcement by either civil or criminal contempt proceedings; and

      b. Further liability for attorneys' fees reasonably incurred in enforcing the August 14, 2017, Order.

5.     Plaintiff ARRT shall serve a copy of this Order upon Defendant Moultry, and file proof of service within three (3) days upon doing so.

**IT IS SO ORDERED.**

DATED: December 8, 2023

                                            _____
                                            JOHN A. HOUSTON
                                            UNITED STATES DISTRICT JUDGE